

| Minute Order Form (06/97) | | | | |
|---|---|---|---|---|
| | United States District Court, Northern District of Illinois | | | |
| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | | |
| CASE NUMBER | 03 C 7330 | DATE | 7/22/2004 | |
| CASE TITLE | LOIS JONES vs. KENNETH WRIGHT, JR. | | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
  ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: Defendant's motion to dismiss [doc. no. 8-1] is granted with prejudice. This is a final and appealable order. This case is terminated. Any pending motions or schedules are stricken as moot.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | Document Number |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | JUL 2 3 2004 | |
| ✓ | Docketing to mail notices. | | | 22 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 2004 JUL 22 PM 4:19 | | |
| CG | courtroom deputy's initials | FILED-CD | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

LOIS JONES, )
)
      Plaintiff, )
)
) Judge Ronald A. Guzmán
)
)
) 03 C 7330
KENNETH WRIGHT, JR., )
)
      Defendant. )
)

DOCKETED JUL 23 2004

## MEMORANDUM OPINION AND ORDER

Plaintiff Lois Jones brings this *pro se* complaint against Defendant Judge Kenneth Wright, Jr. under 42 U.S.C. § 1983, alleging violation of her due process and equal protection rights under the Fourteenth Amendment. Before the Court is Defendant's Motion to Dismiss pursuant to Fed. R. Civ. P. ("Rule") 12(b)(6). For the reasons set forth below, Defendant's motion is granted.

## BACKGROUND

On November 21, 2002, Defendant was the trial judge in a probate matter involving the estate of James Trask, Sr., Plaintiff's father. (Compl. at 2.) During the course of the trial, Defendant allegedly did not allow several particular witnesses to testify. (Compl. at 2-3.) Plaintiff claims these witnesses would have shown that her father was not receiving his medication. (Compl. at 2-3.) In addition, Defendant allegedly prevented Plaintiff from leaving the courtroom and ordered a sheriff's deputy to obtain a medical report in Plaintiff's possession that Defendant wanted. (Compl. at 3-4.)

Plaintiff filed this action on October 16, 2003, alleging that her father had been abused and neglected because Defendant's behavior, including his "evidentiary rulings, orders, admissions and omissions," exceeded his judicial authority. (Compl. at 2-3, 5.)

Defendant's Motion to Dismiss argues that he is immune from liability for his actions because they were judicial acts properly within his jurisdiction.

## DISCUSSION

On a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), courts take "all well-pleaded allegations of the complaint as true and view[] them in the light most favorable to the plaintiff." *Zimmerman v. Tribble*, 226 F.3d 568, 571 (7th Cir. 2000). A Rule 12(b)(6) motion to dismiss tests "the sufficiency of the complaint, not . . . the merits" of the case. *Triad Assocs., Inc. v. Chicago Hous. Auth.*, 892 F.2d 583, 586 (7th Cir. 1989). Dismissal is appropriate if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). A *pro se* complaint should be "liberally construed and not held to the stringent standards expected of pleadings drafted by lawyers." *McCormick v. City of Chicago*, 230 F.3d 319, 325 (7th Cir. 2000). However, this Court is "not obliged to ignore any facts set forth in the complaint that undermine the plaintiff's claim or to assign any weight to unsupported conclusions of law." *R.J.R. Servs., Inc. v. Aetna Cas. & Sur. Co.*, 895 F.2d 279, 281 (7th Cir. 1989).

The Court need not directly address the substance of Plaintiff's claims because Defendant has judicial immunity for his actions. While Plaintiff concedes that judges have immunity while engaged in their official capacity, Plaintiff asserts that Defendant's behavior and

actions were performed while in his personal capacity. (Compl. at 1.) Plaintiff complains about the following actions of the Defendant: (1) failing to compel several particular witnesses to testify; (2) failing to allow Plaintiff to testify; and (3) retrieving a medical report from Plaintiff's possession. Defendant has immunity if the acts complained of were judicial acts performed within his jurisdiction. *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978). The immunity applies even if the judge allegedly acted in error, *id.* at 359, or maliciously and corruptly, *Alexander v. Reid*, No. 02 C 7059, 2003 WL 1733648, at *2 (N.D. Ill. Mar. 31, 2003) (citing *Pierson v. Ray*, 386 U.S. 547, 554 (1967)). Furthermore, the immunity fully applies to actions brought under § 1983. *Id.*

Defendant's actions must satisfy a two-part test to qualify for judicial immunity: (1) the acts must be within his jurisdiction; and (2) the acts must be performed within his judicial capacity. *John v. Barron*, 897 F.2d 1387, 1391 (7th Cir. 1990). First, the acts alleged in the Complaint were within the jurisdiction of the Illinois state court over which Defendant presided. *See* Ill. Const. art. VI, § 9 (specifying that circuit courts "shall have original jurisdiction of all justiciable matters . . . ."); *see also Stump*, 435 U.S. at 356-57 (holding that there must be a "clear absence of all jurisdiction" for a judge to be exposed to liability). Moreover, Plaintiff does not even allege that Defendant acted without jurisdiction.

Second, Defendant's acts were within his judicial capacity. The factors relevant to determining whether an act is judicial are whether the act is a function normally performed by a judge and whether the parties dealt with the judge in his judicial capacity. *Stump*, 435 U.S. at 362. Defendant's acts of not compelling certain witnesses to testify, not allowing Plaintiff to testify, and retrieving a document from Plaintiff's possession are all clearly functions normally

performed by judges. Furthermore, the alleged acts occurred while Defendant was presiding over the trial, and thus, Defendant was acting in a judicial capacity. Finally, the consequences of a judge's actions or disagreement with a judge's actions are both irrelevant in determining whether an act is judicial. *See id.* at 363. Therefore, Defendant's acts were clearly within his judicial capacity. Because judicial immunity applies to Defendant's actions, the Complaint must be dismissed with prejudice.

## CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss [doc. no. 8-1] is granted with prejudice. This is a final and appealable order.

SO ORDERED.　　　　　　　　　　　ENTERED: 7/22/04

　　　　　　　　　　　　　　　　　　　　／s／ Ronald A. Guzman
　　　　　　　　　　　　　　　　　　　　**HON. RONALD A. GUZMAN**
　　　　　　　　　　　　　　　　　　　　**United States Judge**